# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PETER M. JOSEPHSON,**
        Petitioner,

    v.                                Case No. 10-C-0257

**JIM SCHWOCHERT, Warden,**
**Dodge Correctional Institution,**
        Respondent.

## ORDER

On March 25, 2010, Peter M. Josephson filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). Josephson, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Nietzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Because the statutory filing fee for an application for a writ of habeas corpus is only $5.00, however, a petitioner will rarely have insufficient income or assets to pay the fee. And in the present case, I find that petitioner can afford to pay this fee. A review of petitioner's affidavit and trust account statement shows that the average monthly deposit into his

account is $44.61 and that his monthly expenses are $14.00. Therefore, petitioner's application to proceed in forma pauperis will be denied. Petitioner must pay the $5.00 filing fee if he wishes to proceed with this action.

Next, I address petitioner's motion for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

In the present case, Josephson has not shown that he has made a reasonable attempt to obtain counsel on his own. For this reason, his motion to appoint counsel will be denied without prejudice. After Josephson contacts at least three attorneys who practice in the habeas or criminal area of law he may reapply for appointed counsel.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that petitioner's request to proceed in forma pauperis is **DENIED**. The petitioner is directed to pay the statutory filing fee of $5 to the Clerk of Court for this district within **30 DAYS** of the date of this order. Failure to pay the filing fee within the period specified herein will result in dismissal of this action pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure and Civil L.R. 41(c) of the Local Rules (E.D. Wis. 2010).

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

Once petitioner's filing fee has been received and docketed, the court will give the petition preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which may result in summary dismissal of some or all of petitioner's claims. If the petition, or any part thereof, survives summary dismissal at the Rule 4 stage, the court will order respondent to file an answer to the petition and may order further briefing by the parties as necessary.

Dated at Milwaukee, Wisconsin, this 29 day of March, 2010.

/s_____
LYNN ADELMAN
District Judge